```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA              :
                                      :     MEMORANDUM
v.                                    :     OPINION AND ORDER
                                      :
ANGEL LUIS DIAZ,                      :     14 CR 288 (VB)
                        Defendant.    :
--------------------------------------------------------x
```

Now pending is defendant Angel Luis Diaz's motion to reduce his prison sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Diaz asserts that the current COVID-19 pandemic and his existing medical conditions warrant his early release.

For the following reasons, the motion is DENIED.

First, Diaz's offense was extremely serious. Specifically, on January 10, 2013, Diaz sent two packages, each containing a kilogram of cocaine, from Puerto Rico to Newburgh. He pleaded guilty to conspiring to distribute more than 500 grams of cocaine. This was Diaz's third federal felony drug conviction. In 1994, he was sentenced to 60 months' imprisonment for possession with intent to distribute cocaine. In 2002, while on supervised release for the 1994 conviction, he was sentenced to 120 months imprisonment for conspiring to distribute cocaine. He was again on supervised release when he committed the instant offense. In short, Diaz is a recidivist drug dealer.

Because of Diaz's prior conviction for conspiracy to distribute cocaine, the government filed a prior felony information, pursuant to 18 U.S.C. § 851. As a result, Diaz's mandatory minimum sentence was 120 months' imprisonment.

On July 30, 2015, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced Diaz to the mandatory minimum, 120 months' imprisonment. The

Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Diaz has been detained since his arrest on June 4, 2014.  To date, he has served approximately 75 months of his 120-month sentence, or slightly less than two-thirds of the sentence imposed.

Second, Diaz has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account both his medical history and his risk of exposure to and complications from the virus.  See 18 U.S.C. § 3582(c)(1)(A)(i).

Diaz is 48 years old.  He is neither elderly nor infirm.  Prior to sentencing, he told the probation department he was in good health, had never been hospitalized, and was not taking any medication.  Now he says he is obese, has high cholesterol and high blood pressure, suffers from anxiety, and was a chain smoker.  But according to his prison medical records, Diaz is not obese, and at most his hypertension is relatively mild.  He does have high cholesterol, but that is not a risk factor for COVID-19, and in any event, he is receiving treatment for that condition.  Anxiety, likewise, is not a risk factor for COVID-19.  Finally, he may have been a chain smoker, but his medical records do not indicate any respiratory ailments.  Although, unfortunately, the facility at which Diaz is housed, FCI Coleman Low, has experienced a major COVID-19 outbreak, as noted above, Diaz does not have medical conditions that place him at high risk for serious complications if were to contract the disease.

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The serious nature of Diaz's

offense and criminal record warranted a lengthy prison sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by a third.  Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Diaz's sentence would also undermine two other critical sentencing objectives in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct and the need to protect the public from further crimes of the defendant.  Thus, the Section 3553(a) sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Diaz's early release, especially given that he committed the instant offense while on supervised release.

Accordingly, defendant Angel Luis Diaz's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

> Angel Luis Diaz
> Reg. No. 08441-069
> FCC Coleman Low
> P.O. Box 1031
> Coleman, FL 33521

Dated: September 28, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge